UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, | : | CIVIL ACTION NO. 05-4398 (MLC) |
|  | : |  |
| Plaintiff, | : | **O R D E R** |
|  | : |  |
| v. | : |  |
|  | : |  |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |
| ZURICH AMERICAN INSURANCE COMPANY, | : |  |
|  | : |  |
| Third-party Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | : |  |
|  | : |  |
| Third-party Defendant. | : |  |

**THE COURT** having issued a memorandum opinion and an order on May 15, 2008 ("5-15-08 Memorandum Opinion & Order") that, inter alia, (1) denied a motion for summary judgment by plaintiff, the North Plainfield Board of Education (the "Board"), (2) denied a separate motion for summary judgment by the Board, (3) granted a separate motion for summary judgment by defendant and third-party plaintiff Zurich American Insurance Company ("Zurich"), and (4) entered judgment in favor of Zurich and against the Board as to

all counts of the complaint (Dkt. entry nos. 93 & 94, 5-15-08 Mem. Op. & Ord.); and the Board moving for reconsideration of the 5-15-08 Memorandum Opinion & Order pursuant to Local Civil Rule 7.1(g) (dkt. entry no. 98); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000), and is granted "very sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Arista Recs., Inc. v. Flea World, 356 F.Supp.2d 411, 415 (D.N.J. 2005), or advise of "an intervening change in the law," P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161 F.Supp.2d 349, 352 (D.N.J. 2001); and it appearing that reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, Arista Recs., Inc., 356 F.Supp.2d at 416, see Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it has already considered in reaching its original decision"), Auerbach v. Kantor-Curley Ped. Assocs., No. 01-854, 2004 WL 3037943, at *1 (E.D. Pa. Dec. 30, 2004) (noting that the motion is not to be used to relitigate old issues,

2

advance new theories, or secure a rehearing on the merits), or (2) the apparent purpose of the motion is for the movant to express disagreement with the Court's initial decision, Tehan, 111 F.Supp.2d at 549; and it further appearing that the movant must raise controlling facts or dispositive case law overlooked by the Court in rendering a decision, and concisely specify the suspect aspects of the decision with particularity, Ciba-Geigy Corp. v. Alza Corp., No. 91-5286, 1993 WL 90412, at *1-*2 (D.N.J. Mar. 25, 1993); and it appearing that such a motion should only be granted where facts or controlling legal authority were presented to, but not considered by, the Court, Mauro v. N.J. Sup. Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007); and

**THE COURT** having reviewed the Board's arguments in support of the motion for reconsideration; and the Board noting that the Court (1) granted, in part, the Board's motion for summary judgment in D & D Associates, Inc. v. Board of Education of North Plainfield (the "D&D Action"), and thus, the Court entered judgment in favor of the Board and against D & D Associates, Inc. ("D&D") as to count 1, count 5, count 6, count 7, count 9, count 11, count 15, and count 16 of D&D's amended complaint, see No. 03-1026 (MLC), dkt. entry nos. 264 & 265, 12-21-07 Mem. Op. & Ord., and (2) stated in the 5-15-08 Memorandum Opinion that the Court would not address the Board's arguments regarding whether

3

defendant National Union Fire Insurance Company ("National
Union") was obligated to indemnify the Board against, and pay
unlimited defense costs with respect to, those counts that are no
longer pending against the Board in the D&D Action (dkt. entry
no. 93, 5-15-08 Mem. Op., at 28-29 n.7); and the Board asserting
that National Union did have "an obligation to defend the Board
against the dismissed allegations from the moment they were filed
by D&D, and that obligation was not abrogated by the dismissal of
those allegations on summary judgment" (dkt. entry no. 98-2,
Board Br., at 4; see id. at 6-7 (arguing that D&D's dismissed
claims assert "Wrongful Acts" that fall within the coverage
provisions of National Union's insurance policy, and no policy
exclusions apply to these dismissed claims)); and the Board also
asserting that the Court improperly concluded that the exclusion
in National Union's insurance policy for claims "arising out of
breach of contract" applied to the non-breach of contract claims
asserted against the Board by D&D, P.J. Smith, and American
Motorists Insurance Company ("AMIC") (id. at 8); and the Board
arguing that (1) this Court erred by expansively interpreting the
"arising out of breach of contract" exclusion, contrary to state
law requiring narrow construction of policy exclusions, (2) a
review of the National Union policy as a whole indicates that
National Union did not intend the "arising out of breach of

4

contract" exclusion to be construed broadly, particularly when
this exclusion is compared with other exclusions containing much
broader language, and (3) the "arising out of breach of contract"
exclusion does not apply to the "separately-alleged tort claims"
because the allegations underlying these claims were
"independently tortious" (id. at 8-17); and

  **NATIONAL UNION** opposing the motion (dkt. entry no. 101); and
National Union asserting that this Court concluded that the D&D
Action constituted a single judicial proceeding or "Claim"
subject to the "arising out of breach of contract" exclusion, and
the Court would not have reached a different conclusion after
fully considering those claims asserted in the D&D Action wherein
judgment was entered in favor of the Board and against D&D (id.,
Nat. Union Br., at 3); and National Union further asserting that
the Board is simply attempting to both "revisit the arguments
advanced in its two motions for partial summary judgment, in
addition to presenting new arguments that were available to them
at that time" and voice its disagreement with the 5-15-08
Memorandum Opinion & Order (id. at 4); and

  **THE COURT** having concluded that the D&D Action (1)
constitutes a "Claim" under the National Union policy "because it
is a judicial proceeding in which the plaintiff alleges that the
Board committed several Wrongful Acts, including breaches of

duty, misstatements, and misleading statements or omissions", and
(2) falls within the purview of the policy exclusion for Claims
"arising out of breach of contract" contained in the National
Union policy, and thus, National Union is not obligated to
indemnify the Board with respect to the D&D Action but must
appoint counsel and pay the Board's defense costs and related
expenses up to the aggregate limit of $100,000 (dkt. entry no.
93, 5-15-08 Mem. Op., at 33-37 (explaining that "the 'arising out
of breach of contract' exclusion, read in accordance with all
relevant policy language, expressly provides that National Union
is not obligated to indemnify the Board with respect to damages
resulting from a judicial proceeding alleging a Wrongful Act, if
such proceeding originated from, grew out of, or had a
substantial nexus with breach of contract")); and the Court thus
finding that its determinations with respect to National Union's
duty to defend the Board in connection with the D&D Action would
not have been altered had the Court fully considered those claims
asserted in the D&D Action wherein judgment was entered in favor
of the Board and against D&D; and the Court noting that the Board
submitted a letter addressing certain arguments made by Zurich in
light of the Court's memorandum opinion and order granting, in
part, the Board's motion for summary judgment in the D&D action,
and in that letter the Board only addressed Zurich's duty to

defend it with respect to claims that "survived" summary judgment in the D&D Action (dkt. entry no. 86, 2-28-08 Board Letter); and

**THE COURT** finding that the Board (1) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro, 238 Fed.Appx. at 793, and (2) is merely recapitulating the arguments previously raised and asserting that it disagrees with the Court's decision, see Arista Recs., Inc., 356 F.Supp.2d at 416, Tehan, 111 F.Supp.2d at 549; and the Court having considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 7.1(i); and the Court thus intending to deny the motion; and for good cause appearing;

7

**IT IS THEREFORE** on this    21st    day of July, 2008,

**ORDERED** that the motion for reconsideration by plaintiff, the

North Plainfield Board of Education (dkt. entry no. 98) is

**DENIED**.


                                        <u>  s/ Mary L. Cooper         </u>
                                        **MARY L. COOPER**
                                        United States District Judge