UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, | : : : | |
| | : | Civil Action No. 05-4398(MLC) |
| Plaintiff, | : : | |
| v. | : : | |
| ZURICH AMERICAN INSURANCE CO., et al., | : : : | |
| Defendants. | : : | |
| ZURICH AMERICAN INSURANCE CO., | : : : | |
| Third-Party Plaintiff, | : : | |
| v. | : : | |
| NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA, | : : : | O R D E R |
| Third-Party Defendants. | : : : | |

This matter having come before the Court upon Motion by Plaintiff North Plainfield Board of Education ("the Board" or "Plaintiff") for Leave to File a Second Amended Complaint [dkt. entry no. 120], returnable December 1, 2008; and Defendant/Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("Defendant") having opposed this motion on November 17, 2008; and Plaintiff having filed a reply brief on November 25, 2008; and Defendant having submitted a supplemental brief on December 3, 2008; and Plaintiff stating that "[t]he Board, as an additional insured under the National Union CGL Policies, seeks to assert direct claims against national Union for coverage for the claims asserted against it in the Construction Litigation under the National Union CGL Policies (Greenberg Decl.

at ¶ 9); and Plaintiff also stating that "[t]he addition of the Board's direct claims for coverage under the National Union CGL Policies will not delay the conclusion of this case" *Id*. at ¶ 10; and Plaintiff further stating that "discovery has already been ongoing between Zurich and National Union relating to the National Union CGL Policies, and the Board has already served a Notice to Produce on National Union pertaining to the allegations of the proposed Second Amended Complaint" *Id*. at ¶ 11; and Defendant stating that "National Union CGL should not now have to litigate claims with the Board after it sat on its hands past the eleventh hour, and its untimely motion to amend is filed in the absence of any excuse or justification for delay of asserting claims it had knowledge of for five years" (Def.'s Opp'n Br. at 3); and Defendant also stating that "[c]ontrary to the Board"s assertions, there will clearly be delay if leave to amend is granted because these claims are not already at issue vis-à-vis Zurich's third-party claims against National Union CGL" *Id*.; and Defendant further stating that "[t]he claims the Board seeks to assert through amendment are moot claims and therefore utterly futile . . . [because] [t]his Court has already determined that the Board is not entitled to coverage under its own Commercial General Liability policies issued by Zurich" *Id*. at 3-4; and Defendant further stating that "[a]s Zurich has been granted summary judgment adjudicating that there is no coverage under its general liability policies which contain nearly identical language to those contained in National Union CGL Policies, there is no basis to argue that any 'denial' of coverage to the Board was not 'fairly debatable'" *Id*. at 5; and the Court noting that the decision whether to permit a Plaintiff to amend his Complaint is one that rests within its sound discretion, *see Morton International, Inc. v. A.E. Staley Manuf. Co.*, 106 F. Supp. 2d 737, 744 (D.N.J. 2000); and the Court also noting that Fed. R. Civ. P. 15(a) providing in relevant part that "leave [to amend] shall be freely given when justice so requires"; and the Court further noting that "the courts will not permit a party to amend his pleadings when the amendment appears to have been made in bad faith, results in delay or

undue prejudice to the non-moving party, or where the amendment would be futile" *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); and the Court further noting that a motion to amend is futile "where the proposed amendment is (1) frivolous or (2) advances a claim that is legal insufficient on its face" *Morton International, Inc.*, 106 F. Supp. 2d at 745; and the Court finding that discovery relating to National Union's alleged liability to Zurich ends December 12, 2008 and dispositive motions are to be filed by December 19, 2008, *See* [dkt. entry no. 119] (later extended to January 23, 2009), thus making it clear that if leave to amend is granted there will be delay; and the Court agreeing with Plaintiff's argument that because "[t]his Court has already determined that the Board is not entitled to coverage under its own Commercial General Liability policies issued by Zurich . . . there is no reasonable basis for any claims that the Board would be entitled to coverage under the National Union CGL Policies which contain nearly identical terms" (Def.'s Opp'n Br. at 4) (citing [dkt. entry no. 93]); and the Court finding that Plaintiff's proposed claims are futile; and the Court having reviewed the parties' submissions; and having decided the matter pursuant to Fed. R. Civ. P. 78; and good cause having been shown;

    **IT IS** on this 11th day of December, 2008,

    **ORDERED** that Plaintiff North Plainfield Board of Education's Motion for Leave to File a Second Amended Complaint [dkt. entry no. 120] **DENIED**.

    s/ *John J. Hughes*
    **JOHN J. HUGHES**
    **UNITED STATES MAGISTRATE JUDGE**