**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, | : : : : | CIVIL ACTION NO. 05-4398 (MLC) |
| Plaintiff, | : : | **MEMORANDUM OPINION** |
| v. | : : |  |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | : : : |  |
| Defendants. | : : |  |
| ZURICH AMERICAN INSURANCE COMPANY, | : : : : |  |
| Third-party Plaintiff, | : : |  |
| v. | : : |  |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | : : : |  |
| Third-party Defendant. | : : |  |

**THE PLAINTIFF** bringing this action against Zurich American Insurance Company ("Zurich") based upon General Liability Policy No. CPO 214 6634 06 issued by Zurich to plaintiff for the period July 1, 2002, through July 1, 2003 ("the policy") (dkt. entry no. 1, Compl. at 3-4); and plaintiff alleging (1) that it is entitled to specific performance of the policy, (2) breach of contract, and (3) breach of the duty of good faith and fair dealing, (id. at 10-11); and the plaintiff now moving to compel Zurich to pay invoices for legal and expert fees it incurred from December 2007

through May 15, 2008, in connection with D&D Associates, Inc. v. Board of Education of North Plainfield, No. 03-1026 (MLC) ("the D&D Action") (dkt. entry no. 104, Mot. Compel Payment of Invoices); and plaintiff arguing that the Court's order entered on May 15, 2008, granting summary judgment in favor of Zurich on all counts ("5-15-08 Order") does not relieve Zurich of its obligation to pay plaintiff's legal and expert fees incurred in the D&D Action up to the date of the 5-15-08 Order (dkt. entry no. 104, Pl. Br. at 3-5; see dkt. entry no. 94, 5-15-08 Order); and plaintiff relying on an order for temporary restraints entered by this Court on December 8, 2005, and a consent order entered by the Magistrate Judge on March 31, 2006, both of which require Zurich to pay plaintiff's legal and expert fees in the D&D Action (Pl. Br. at 2-5; dkt. entry no. 112, Pl. Reply Br. at 1-2; see also dkt. entry no. 18, 12-8-05 Order; dkt. entry no. 38, 3-31-06 Consent Order); and

**ZURICH** opposing the motion to compel payment of invoices for legal and expert fees (dkt. entry no. 109, Zurich Br. at 1); and Zurich arguing that the Court determined that the policy does not cover any remaining claims against plaintiff in the D&D Action (id. at 3); and Zurich further arguing that the invoices for legal and expert fees for services rendered (1) between December 2007 and February 2008 were not due to be paid until after May 15, 2008, and (2) between March 2008 and May 15, 2008, were not

submitted for payment until after May 15, 2008 (id. at 4-5); and Zurich thus asserting that its obligation to pay invoices for plaintiff's legal and expert fees in the D&D Action ended on May 15, 2008, by virtue of the 5-15-08 Order (id. at 5-6); and

**IT APPEARING** that an insurer's duty to defend, which is broader than its obligation to indemnify, arises "when the complaint states a claim constituting a risk insured against," Voorhees v. Preferred Mut. Ins. Co., 607 A.2d 1255, 1259 (N.J. 1992) (quotation and citation omitted); Aetna Cas. & Sur. Co. v. Ply Gem Indus., Inc., 778 A.2d 1132, 1142 (N.J. App. Div. 2001); and it also appearing that an insurer's duty to defend is determined based upon a comparison of the complaint's allegations with the insurance policy's language, and when the two correspond, a duty to defend exists, Voorhees, 607 A.2d at 1259; Aetna Cas. & Sur. Co., 778 A.2d at 1145; and it further appearing that doubts as to the complaint's allegations should be resolved in favor of coverage, Sahli v. Woodbine Bd. of Educ., 938 A.2d 923, 930 (N.J. 2008); Voorhees, 607 A.2d at 1259; and it also appearing that, when multiple causes of action are alleged, the duty to defend continues until all covered claims are resolved, Sahli, 938 A.2d at 930; Voorhees, 607 A.2d at 1259; and

**IT FURTHER APPEARING** that the Court's 5-15-08 Order concluded that no covered claims remain against plaintiff under the policy (see 5-15-08 Order; dkt. entry no. 93, 5-15-08 Mem.

3

Op. at 45-58); and it also appearing that Zurich's obligation to pay plaintiff's legal and expert fees in the D&D Action extended until May 15, 2008, see <u>Sahli</u>, 938 A.2d at 930; <u>Voorhees</u>, 607 A.2d at 1259; and it thus appearing that Zurich must pay plaintiff's legal and expert fees incurred in the D&D Action up to May 15, 2008, even though the invoices for those fees were submitted or were due after May 15, 2008; and

**THE COURT** thus intending to grant the motion to compel payment of invoices for legal and expert fees incurred by plaintiff in the D&D Action up to May 15, 2008; and the Court noting that plaintiff may submit a supplemental request for fees pertaining to this motion; and the Court deciding the motion without oral argument and on the papers, <u>see</u> Fed.R.Civ.P. 78(b); and for good cause appearing, the Court will issue an appropriate order.

                                            <u>  s/ Mary L. Cooper    </u>
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:    December 29, 2008