UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NORTH PLAINFIELD BOARD OF EDUCATION,** | : : : | |
| Plaintiff, | : : : | Civil Action No. 05-4398(MLC) |
| v. | : : | |
| **ZURICH AMERICAN INSURANCE CO., et al.,** | : : : | |
| Defendants. | : : | |
| **ZURICH AMERICAN INSURANCE CO.,** | : : : | |
| Third-Party Plaintiff, | : : : | |
| v. | : : | |
| **NATIONAL UNION FIRE INSURANCE CO. OF PITTSBURGH, PA,** | : : : | O R D E R |
| Third-Party Defendants. | : : : | |

This matter having come before the Court upon Motion by Defendant/Third-Party Plaintiff Zurich American Insurance Company ("Zurich") to Compel Third-Party Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union CGL") to produce its claim notes and other claim file documents that are responsive to Zurich's Request for Production of Documents and First Set of Interrogatories [dkt. entry no. 129], returnable January 20, 2009; and National Union in opposition having filed a Cross Motion for a Protective Order on January 9, 2009 [dkt. entry no. 140]; and Zurich having filed its reply on January 16, 2009;

And Zurich stating that "Zurich is seeking to compel National Union CGL to produce non-privileged documents from the "Bovis claim file" and the "Board claim file" that are

responsive to Zurich's discovery demands in this matter" (Zurich's Br. at 12); and Zurich also stating that "Bovis and the Board are co-defendants in the underlying D&D Action, in which National Union CGL has been providing Bovis with a defense . . . [and] National Union CGL's coverage position with respect to Bovis is relevant where coverage for the Board is concerned" *Id*. at 13; and Zurich further stating that "[a]s far as privilege issues are concerned . . . Zurich is not seeking any documents divulging Bovis' defense strategy in the D&D Action or any other documents that implicate the attorney-client privilege, work-product doctrine or any other applicable legal rule of privilege or confidentiality" *Id*. at 13-14;

And National Union CGL in opposition stating in their Cross-Motion for a Protective Order that "the documents sought by Zurich are not relevant, are attorney-client privileged and protected by the work product doctrine" (National Union CGL's Opp'n Br. at 4); and National Union CGL also stating that "Judge Cooper already ruled in May, 2008, that the claims are not covered by Zurich's general liability policy and Zurich makes no claim that the National Union Policies afford any greater coverage in this regard" *Id*. at 5; and National Union CGL further stating that "All of the documents maintained in the Bovis claim file were generated after the D&D *Action* was commenced against Bovis and in furtherance of Bovis' defense to D&D Associates' (and the Board's) claims in litigation" *Id*.; and National Union CGL further stating that "in failing to establish that National Union's coverage determination in this matter was based upon policy terms also applicable to Bovis or that there is any legitimate dispute regarding the interpretation of any such policy terms, Zurich clearly falls short of meeting its burden fo showing a substantial need or undue hardship" *Id*. at 6;

And Zurich in reply stating that "National Union CGL advised that a separate 'Board

claim file' was 'first established during the pendency of this litigation on February 27, 2008' and was thus not discoverable" (Zurich's Reply at 3); and Zurich also stating that "[t]his discovery dispute now boils down to the photocopying of a single banker's box of documents that have already been produced to Zurich in what National Union CGL limited to an 'attorney's eyes only' inspection" *Id*. at 4; and Zurich further stating that "National Union CGL's coverage position with respect to Bovis is relevant under the circumstances and National Union CGL cannot say that 'Zurich plainly cannot establish that there is any issue of interpretation upon which the treatment of Nation Union's Named Insured could shed any light'" *Id*. at 6-7; and Zurich further stating that "[i]t is also vital that Zurich obtain a copy of the documents produced for inspection in order that it may compare those documents to the documents identified on National Union CGL's privilege log" *Id*. at 10;

   And the Court noting that FED. R. CIV. P. 26(b)(1) has repeatedly been liberally construed creating a broad range for discovery which would "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); and the Court also noting that Zurich is not seeking any privileged documents; and the Court finding that the Bovis claim file is relevant given the parameters of Rule 26(b)(1) and not withstanding Judge Cooper's May, 2008, ruling in light of the fact that the Third-Party Complaint remains viable; and the Court further finding that there is no burden on National Union CGL, as the documents sought have already been prepared and produced for the December 23, 2008 "attorney's eyes only" inspection; and the Court having reviewed the Parties' submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and good cause having been shown;

3

**IT IS** on this **21st** day of January, 2009,

**ORDERED** that Zurich's Motion to Compel National Union CGL to produce its claim notes and other claim file documents that are responsive to Zurich's Request for Production of Documents and First Set of Interrogatories [dkt. entry no. 129] is **GRANTED**; and it is

**FURTHER ORDERED** that National Union CGL's Cross-Motion for a Protective Order [dkt. entry no. 140] is **DENIED** in so far as it seeks to not produce documents on relevance grounds; and it is

**FURTHER ORDERED** that National Union CGL's Cross-Motion for a Protective Order [dkt. entry no. 140] is **DISMISSED** as moot in so far as it seeks to not produce privileged documents; and it is

**FURTHER ORDERED** that National Union CGL shall produced all non-privileged documents along with a privilege log listing all documents not provided no later than **February 20, 2009**.

                *s/ John J. Hughes*
                **JOHN J. HUGHES**
                **UNITED STATES MAGISTRATE JUDGE**