SCHWARTZ SIMON
EDELSTEIN CELSO & KESSLER LLC
44 Whippany Road, Suite 210
P.O. Box 2355
Morristown, New Jersey 07962-2355
Attorneys for Third-Party Defendant
National Union Fire Insurance Company of Pittsburgh, PA
*(As Respects Claims Under Commercial General
Liability Policies Issued To Bovis Lend Lease)*

**RECEIVED**

FEB 2 6 2009

AT 8:30_____M
WILLIAM T. WALSH
CLERK

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, <br><br> Plaintiff, <br><br> vs. <br><br> ZURICH AMERICAN INSURANCE COMPANY, and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Defendants. <br> ZURICH AMERICAN INSURANCE COMPANY, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Third-Party Defendant. | CIVIL ACTION NO. 05-4398 (JJH) (MLC) <br><br><br> **DISCOVERY CONFIDENTIALITY ORDER** |

Pursuant to the Order of this Court and the verbal agreement reached during the discovery conference conducted via telephone on February 18, 2009, held before the Honorable Magistrate Judge John J. Hughes, along with counsel of record for all parties appearing, including the Plaintiff North Plainfield Board of Education (the "Board"), William S. Greenberg, Esq. appearing, Defendant/Third-Party Plaintiff Zurich American Insurance Company ("Zurich"), Vincent E. Reilly, Esq. and William J. Hoffman appearing, Third-Party Defendant

{00401519; 1}

National Union Fire Insurance Company of Pittsburgh, PA ("National Union") as issuer of certain Commercial General Liability Policies issued to Bovis Lend Lease, Inc. ("Bovis"), David M. Farkouh, Esq. appearing, and National Union Fire Insurance Company of Pittsburgh, PA, as issuer of certain Errors and Omissions Policies to the Board, Richard A. Ulsamer, Esq. appearing, it is hereby Ordered as follows:

    A.    National Union contends that the documents identified in Section B. below, are of a confidential nature and/or contain other confidential or commercial information. These documents are the subject of disagreement between the parties, as Zurich has disputed and continues to dispute the "confidential" designation. Notwithstanding the foregoing the parties agree that the documents will be treated as confidential only in connection with the documents' restricted dissemination and their dissemination will be limited as addressed below.

    B.    That notwithstanding any dispute with respect to the confidential nature of the documents, and without waiver of such position, the parties agree that certain documents and materials produced or to be produced by National Union (constituted by all documents to be produced pursuant to the Court's Order entered January 23, 2009), shall be designated as "Confidential Materials" and are subject to the provisions of this Order.

    C.    The parties further agree that:

    1.    The Confidential Materials may be disclosed only to "qualified persons," as defined below in paragraph 4.

    2.    Counsel receiving any such Confidential Materials agree that all Confidential Materials received and any copies made thereof shall be destroyed or returned to the producing party within thirty (30) days after the final conclusion of this litigation. In the event the Confidential Materials are destroyed, the party receiving such Confidential Materials shall

certify in writing that such destruction has taken place. Final conclusion of this action shall mean after all appeal periods have expired and any settlements or judgments have become final.

    3. The Confidential Materials shall be used solely for the purposes of this lawsuit, and shall not, unless directed by an appropriate court, be made available or disclosed in any other proceeding, or to persons other than qualified persons as defined in paragraph 4.

    4. "Qualified Person" as used herein means:

        a. The attorneys, paralegal and clerical staff employed directly under the supervision and control of counsel for the Board, Zurich and National Union, whom such counsel shall determine have the need to have access to information contained in the Confidential Materials.

        b. Those respective in-house counsel and/or claims personnel of the Board, Zurich, and National Union, who are assisting with this action.

D. Production of Confidential Materials made pursuant to this Order does not constitute a waiver of any protection, immunity or privilege otherwise applicable to such materials. Production of the Confidential Materials shall not in any way constitute a waiver of any party's right to raise or assert any objections, including but not limited to the use, relevance or admissibility at trial of any information, whether or not comprised of any information furnished pursuant to the provisions of this Order.

E. Any person who has received Confidential Materials pursuant to this Order and who received a lawful subpoena or other compulsory process seeking disclosure of such Confidential Materials shall (i) as soon as reasonably practicable give notice thereof to counsel by telephone and facsimile and furnish a copy of the subpoena or other compulsory process so as to afford counsel a reasonable opportunity to seek a protective order; and (ii) if application is made to quash the subpoena or other compulsory process, or otherwise to seek a protective order

{00401519; 1}        3

from the court, that person shall not produce such Confidential Materials prior to receiving a court order or the consent of counsel. In the event that production of Confidential Materials is made inadvertently, and/or notwithstanding such prompt application for relief, they shall continue to be treated as Confidential Materials by all persons subject to this Order unless and until the Court shall otherwise direct.

F. Nothing in this Order will prevent any party from filing the Confidential Materials in this action, as an exhibit or otherwise, so long as the parties do so in accordance with the terms of Local Civil Rule 5.3(c), which would deem the materials sealed until such time as National Union's Motion to Seal is decided. Said Motion to Seal shall be filed by no later than February 27, 2009. Should the Motion To Seal be denied, this Discovery Confidentiality Order will remain in full force and effect with respect to all of its other provisions and requirements, but for the requirement that the parties must file documents under seal.

G. The foregoing is without prejudice to the right of any party hereto to apply to the Court for relief of any form.

## ORDER

The parties having agreed to the terms of this Order described above and good cause appearing,

IT IS SO ORDERED.

Dated: __2/24__, 2009

_____
Hon. John J. Hughes, U.S.M.J.