**NOT FOR PUBLICATION**

```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, | CIVIL ACTION NO. 05-4398 (MLC) |
|  | **MEMORANDUM OPINION** |
| Plaintiff, |  |
| v. |  |
| ZURICH AMERICAN INSURANCE COMPANY, et al., |  |
| Defendants. |  |
|  |  |
| ZURICH AMERICAN INSURANCE COMPANY, |  |
| Third-party Plaintiff, |  |
| v. |  |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., |  |
| Third-party Defendant. |  |

**COOPER, District Judge**

Plaintiff, North Plainfield Board of Education ("Board"), brought this action against Zurich American Insurance Company ("Zurich") based upon General Liability Policy No. CPO 2146634-06, issued by Zurich to the Board for the period July 1, 2002 through July 1, 2003 ("Policy") (dkt. entry no. 1, Compl. at 3-4.)  The parties dispute whether the Policy covers claims asserted against the Board in <u>D&D Associates, Inc. v. Board of Education of North Plainfield</u>, No. 03-1026 (MLC) ("D&D Action")

and the extent to which Zurich must pay the Board's legal and expert fees incurred in the D&D Action ("Defense Fees").  (See id.)  On December 29, 2008, the Court issued an order ("12-29-08 Order") directing Zurich to pay the Board's Defense Fees incurred during the months of December 2007 through May 15, 2008.  (Dkt. entry no. 136, 12-29-08 Order.)  Zurich now moves for (1) reconsideration of the 12-29-08 Order, and (2) partial summary judgment in its favor declaring its right to recover payments for Defense Fees made to the Board after July 12, 2005.  (Dkt. entry no. 159, Mot. for Recons.; dkt. entry no. 161, Mot. for Summ. J.)  The Board opposes the motions and cross-moves to (1) enforce the 12-29-08 Order, and (2) compel Zurich to pay invoices for Defense Fees incurred up to and including May 15, 2008.  (Dkt. entry no. 169, Cross Mot. to Enforce Litigant's Rights; dkt. entry no. 171, Cross Mot. to Compel.)  Zurich opposes the cross motions.  (Dkt. entry no. 177, Zurich Opp'n Br.)  The Court determines the motions and cross motions on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, the Court will (1) grant the motion for reconsideration of the 12-29-08 Order, (2) vacate the 12-29-08 Order, (3) deny the motion for partial summary judgment, (4) deny the cross motion to enforce the 12-29-08 Order, and (5) deny the cross motion to compel Zurich to pay invoices for Defense Fees.

**BACKGROUND**

The Board was named as a defendant in the D&D Action. See Complaint, D&D Associates, Inc. v. Board of Education of North Plainfield, No. 03-1026 (MLC) (D.N.J. Mar. 10, 2003). Based on the Policy, Zurich acknowledged and assumed, subject to a reservation of rights, its duty to defend the claim asserted against the Board in Count 11 of the amended complaint in the D&D Action ("Count 11"), but denied any duty to defend the remaining claims asserted against the Board. (Dkt. entry no. 164, Certification of William J. Hoffman, Ex. E, Zurich 3-2-05 Letter at 1, 17; see also id., Ex. D, Zurich 5-14-03 Letter.) On July 12, 2005, Zurich withdrew its defense of the Board in the D&D Action because the Board would not, as demanded by Zurich, switch attorneys. (Id., Ex. H, Zurich 7-12-05 Letter.) The Board then commenced this action, and the Court directed, through an order for temporary restraints and a consent order, Zurich to continue to pay the Board's Defense Fees. (Dkt. entry no. 18, 12-8-05 Order; dkt. entry no. 38, 3-31-06 Consent Order.) On December 21, 2007, the Court, in the D&D Action, granted summary judgment, and entered judgment, in the Board's favor on, inter alia, Count 11, but denied summary judgment in the Board's favor on Count 2, Count 8, and Count 10 ("12-21-07 Order"). See 12-21-07 Order & Judgment at 3-4, D&D Associates, Inc. v. Board of Education of North Plainfield, No. 03-1026 (MLC) (D.N.J. Dec. 21, 2007).

Zurich, in this action, then moved for summary judgment in its favor declaring that it had no obligation to continue paying the Board's Defense Fees.  (Dkt. entry no. 56, Zurich 1st Summ. J. Br. at 1; dkt. entry no. 78, Zurich 2-8-08 Letter Br. at 1.) The Court found that Count 2 and Count 10 of the amended complaint in the D&D Action - the two remaining claims that the Board asserted were covered by the Policy - were not covered by the Policy.  (Dkt. entry no. 93, 5-15-08 Mem. Op. at 46-58; see also dkt. entry no. 86, Board 2-28-08 Letter Br. at 2-5 (arguing that Policy covers claims in Count 2 and Count 10); dkt. entry no. 66, Board Opp'n to Zurich 1st Mot. for Summ. J. at 4 (conceding that Policy does not cover non-libel claims asserted in D&D Action).)[1]  The Court issued an order granting summary judgment, and entering judgment, in Zurich's favor on all counts of the Complaint ("5-15-08 Order").  (Dkt. entry no. 94, 5-15-08 Order & J.)

The Board then moved to compel Zurich to pay the Defense Fees incurred up to and including May 15, 2008.  (Dkt. entry no. 104, Board 1st Mot. to Compel.)  The Court granted the motion and directed Zurich to pay the Board's Defense Fees for the months of

---

[1] The Court did not determine whether Count 11 was excluded from coverage under the Policy because Zurich dropped that challenge after entry of the 12-21-07 Order.  (See Zurich 2-8-08 Letter Br. at 6 (stating that whether breach of contract exclusion applied to Count 11 is moot and the "Court need not address the application of the exclusion as to Count Eleven"); 5-15-08 Mem. Op. at 45-46.)

4

December 2007 through May 15, 2008.  (See 12-29-08 Order.) Zurich now moves for (1) reconsideration of the 12-29-08 Order, and (2) partial summary judgment in its favor, and argues that its obligation to pay the Board's Defense Fees ended on July 12, 2005, when its duty to defend became a duty to reimburse.  (Dkt. entry no. 160, Zurich Mot. for Recons. Br. at 1-2; dkt. entry no. 163, Zurich Mot. for Summ. J. Br. at 1-2.)  The Board opposes the motions and cross-moves to (1) enforce the 12-29-08 Order, and (2) compel Zurich to pay its Defense Fees incurred up to and including May 15, 2008.  (Dkt. entry no. 170, Board Opp'n Br. at 1-2; Cross Mot. to Enforce Litigant's Rights; Cross Mot. to Compel.) Zurich opposes the cross motions. (See Zurich Opp'n Br.)

## DISCUSSION

### I. Applicable Legal Standards

#### A. Motion for Reconsideration Standard

A motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., Inc., 111 F.Supp.2d 542, 549 (D.N.J. 2000) that is granted "very sparingly." Cataldo v. Moses, 361 F.Supp.2d 420, 433 (D.N.J. 2004).  The purpose of a motion for reconsideration is to correct manifest errors of law or present newly discovered evidence. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A court may grant a motion for reconsideration if the movant shows at least one of the

5

following: (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  Id.; Cataldo, 361 F.Supp.2d at 432-33.  Reconsideration is not warranted where (1) the movant merely recapitulates the cases and arguments previously analyzed by the court, or (2) the apparent purpose of the motion is for the movant to express disagreement with the court's initial decision.  Arista Recs., Inc. v. Flea World, Inc., 356 F.Supp.2d 411, 416 (D.N.J. 2005); see also Tehan, 111 F.Supp.2d at 549 ("Motions for reconsideration will not be granted where a party simply asks the court to analyze the same facts and cases it had already considered in reaching its original decision.").  A motion for reconsideration should only be granted where facts or controlling legal authority were presented to, but not considered by, the court.  Mauro v. N.J. Supreme Court, 238 Fed.Appx. 791, 793 (3d Cir. 2007).

    **B.  Duty to Defend Standard**

An insurer's duty to defend, which is broader than its obligation to indemnify, arises "when the complaint states a claim constituting a risk insured against."  Voorhees v. Preferred Mut. Ins. Co., 607 A.2d 1255, 1259 (N.J. 1992) (internal quotation omitted); Aetna Cas. & Sur. Co. v. Ply Gem Indus., Inc., 778 A.2d 1132, 1142 (N.J. App. Div. 2001).  An

insurer's duty to defend is determined based upon a comparison of the complaint's allegations with the insurance policy's language, and when the two correspond, a duty to defend exists.  Voorhees, 607 A.2d at 1259; Aetna Cas. & Sur. Co., 778 A.2d at 1145. Doubts as to the complaint's allegations should be resolved in favor of coverage.  Sahli v. Woodbine Bd. of Educ., 938 A.2d 923, 930 (N.J. 2008); Voorhees, 607 A.2d at 1259.  When multiple causes of action are alleged, the duty to defend continues until all covered claims are resolved.  Sahli, 938 A.2d at 930; Voorhees, 607 A.2d at 1259; see Sears Roebuck & Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa, 774 A.2d 526, 538 (N.J. App. Div. 2001) (stating that when claim triggering duty to defend is dismissed, duty to defend dissipates unless other viable grounds for coverage remain).

**II.  Legal Standards Applied Here**

Zurich argues that reconsideration of the 12-29-08 Order is warranted because the Court overlooked that (1) this action involves a duty to reimburse, not a duty to defend, and (2) Zurich has no obligation to reimburse Defense Fees where there is no coverage under the Policy.  (Zurich Mot. for Recons. Br. at 1.)[2]  Zurich contends that the Board, by refusing to replace its

---

[2]  Zurich's motions both make the same arguments and seek the same relief - a declaration that Zurich (1) does not have an obligation to pay the Board's Defense Fees after July 12, 2005, and (2) may recover those payments of the Board's Defense Fees made after July 12, 2005 for non-covered claims.  (See Zurich

counsel, denied Zurich the right to control the Board's defense in the D&D Action. (Id. at 5-6.) Thus, Zurich asserts, its duty to defend converted into a duty to reimburse on July 12, 2005, when it withdrew from the Board's defense. (Id. at 4-5.) Zurich argues that its court-ordered obligation to reimburse the Board's Defense Fees ended on May 15, 2008, when this Court entered judgment in its favor after finding that no covered claims remained under the Policy. (Id. at 7.) Zurich further asserts that, as no claims are covered under the Policy, it is entitled to reimbursement of all Defense Fees it paid after July 12, 2005. (Id. at 7-8.)

    The Board argues that reconsideration should not be granted because Zurich merely repeats arguments raised in opposition to the Board's first motion to compel payment of invoices and expresses its disagreement with the 12-29-08 Order. (Board Opp'n Br. at 15-16.) The Board also asserts that it did not breach its duty to cooperate by refusing to replace its counsel two years into the D&D Action. (Id. at 16-21.) Further, the Board argues

---

Mot. for Recons. Br.; Zurich Mot. for Summ. J. Br.) The Court will deny Zurich's motion for partial summary judgment as procedurally improper, since the Court has already granted judgment in Zurich's favor on all counts in the Complaint, no claims brought by the Board against Zurich remain in this action, and Zurich has not asserted counterclaims against the Board. (See 5-15-08 Order.) See Fed.R.Civ.P. 56(b) (stating that defending party may move for summary judgment "on all or part of the claim" (emphasis added)).

that the case law Zurich relies upon for the proposition that its duty to defend converted into a duty to reimburse is distinguishable. (Id. at 21-23.) The Board argues that Zurich's duty to defend did not convert into a duty to reimburse, and thus, Zurich's duty to defend continued until the Court entered judgment in Zurich's favor on May 15, 2008. (Id. at 23.) The Board also asserts that Zurich should be directed to pay its Defense Fees incurred from the beginning of the D&D Action up to and including May 15, 2008. (Id. at 25.)

  The Court finds that, in the 12-29-08 Order and accompanying memorandum opinion, it overlooked the fact that Count 11 - the only claim covered under the Policy - was resolved in the Board's favor on December 21, 2007. Count 11 triggered Zurich's duty to defend. (See Zurich 5-14-03 Letter; Zurich 3-2-05 Letter.) See Voorhees, 607 A.2d at 1259. Zurich's duty to defend continued until Claim 11 was resolved, as it was on December 21, 2007, when the Court entered judgment in the Board's favor on Count 11 in the D&D Action. See Voorhees, 607 A.2d at 1259 (stating that duty to defend exists until every covered claim is eliminated); 12-21-07 Order & Judgment at 3-4, D&D Associates, Inc. v. Board of Education of North Plainfield, No. 03-1026 (MLC) (D.N.J. Dec. 21, 2007). The Court's 5-15-08 Order determined that none of the remaining claims against the Board in the D&D Action were covered under the Policy. (See 5-15-08 Mem. Op. at 41-58.) Thus, the

9

only claim covered by the Policy was Claim 11, and Zurich's duty to defend - and thus to pay the Board's Defense Fees - ended on December 21, 2007, when Claim 11 was resolved in the Board's favor.  See Sears Roebuck & Co., 774 A.2d at 538 (explaining that insurer's defense obligation ceased on date that lone covered claim was dismissed in underlying action); see also Polarome Int'l, Inc. v. Greenwich Ins. Co., 961 A.2d 29, 48 (N.J. App. Div. 2008) ("Neither the duty to defend nor the duty to indemnify exists except with respect to occurrences for which the policy provides coverage." (internal quotation omitted)), certification denied by 199 N.J. 133 (2009).

Zurich argues that its duty to defend converted into a duty to reimburse on July 12, 2005.  (See Zurich Mot. for Recons. Br.; Zurich Mot. for Summ. J. Br.)  The Court, however, finds that this is not a duty to reimburse situation.  The case law Zurich relies upon for the proposition that its duty to defend converted into a duty to reimburse is distinguishable.

The Supreme Court of New Jersey, in Burd v. Sussex Mutual Insurance Company, established circumstances in which an insurer's duty to defend may be converted into a duty to reimburse.  267 A.2d 7, 10-11 (N.J. 1970).  In Burd, a third party sued the insured for inflicting shotgun wounds upon the third party.  Id. at 8.  The third party's complaint contained two claims against the insured - one for intentionally inflicting

10

the injury, and the other for negligently inflicting the injury. Id. at 9. The insured had an insurance policy that expressly excluded bodily injury that was intentionally caused by the insured, but the duty to defend depended upon a factual issue - whether the injury was inflicted intentionally or negligently - that would not be resolved in the underlying action. Id. Burd also presented a situation where the insurer's position so diverged from the insured's that the insurer could not defend the action with complete fidelity to the insured. Id. at 10-11.

The Burd Court, recognizing the insurer's conflict of interest in defending the action, determined that "if the trial will leave the question of coverage unresolved so that the insured may later be called upon to pay, or if the case may be so defended by a carrier as to prejudice the insured thereafter upon the issue of coverage, the carrier should not be permitted to control the defense." Id. at 10.

> In such circumstances the carrier should not be estopped from disputing coverage because it refused to defend. On the contrary the carrier should not be permitted to assume the defense if it intends to dispute its obligation to pay a plaintiff's judgment, unless of course the insured expressly agrees to that reservation. This is not to free the carrier from its covenant to defend, but rather to translate its obligation into one to reimburse the insured if it is later adjudged that the claim was one within the policy covenant to pay.

11

Id.; see also Hartford Accident & Indem. Co. v. Aetna Life & Cas. Ins. Co., 483 A.2d 402, 406-08 (N.J. 1984); N.J. Mfrs. Ins. Co. v. Vizcaino, 920 A.2d 754, 755-58 (N.J. App. Div. 2007).

That is not the situation here.  Rather, in contrast to Burd, Zurich has not identified a contested factual issue in the D&D Action, resolution of which would determine whether the claims were covered by the Policy.  See Burd, 267 A.2d at 10, 13; see also Hartford Accident & Indem. Co., 483 A.2d at 408 (finding insurer "fully justified" in refusing to defend underlying action where substantial issue existed as to whether policy covered claim).  Nor, as was the situation in Burd, is there a risk that Zurich's defense of the D&D Action would later prejudice the Board on the coverage issue.  See Burd, 267 A.2d at 10, 13; Hartford Accident & Indem. Co., 483 A.2d at 407 (finding duty to reimburse where conflict existed between interests of insurer and insured).  Further, none of the cases Zurich cited involved a factual situation, such as the one here, in which the insurer's alleged duty to reimburse arose based on the insurer's withdrawal of its defense two years into the underlying litigation because the insured refused to change counsel upon the insurer's request.  Thus, the Court concludes that this is not a situation in which Zurich's duty to defend converted into a duty to reimburse.  See Grand Cove II Condo. Ass'n, Inc. v. Ginsberg, 676 A.2d 1123, 1131-32 (N.J. App. Div. 1996) (stating that insurers may not turn

12

duty to defend into duty to reimburse absent a factual issue that could negate coverage or a conflict of interest between interests of insured and insurer); Sands v. Cigna Prop. & Cas. Ins. Co., 674 A.2d 169, 173 (N.J. App. Div. 1995) (refusing to allow insurer to convert duty to defend into duty to reimburse where no apparent conflict existed).[3]

    The Court thus concludes that Zurich is (1) responsible for paying the Board's Defense Fees incurred up to and including December 21, 2007, and (2) entitled to reimbursement of any payments made for the Board's Defense Fees incurred after December 21, 2007. The Court will not require Zurich to pay these funds at this time. Rather, Zurich is entitled to an apportionment of the Defense Fees between the covered claim, Count 11, and the non-covered claims, all the other counts asserted against the Board in the amended complaint in the D&D Action. See SL Indus., Inc. v. Am. Motorists Ins. Co., 607 A.2d 1266, 1280 (N.J. 1992); Sears Roebuck & Co., 774 A.2d at 538. Zurich will be responsible only for the Defense Fees apportioned

---

    [3] The Court notes that even if this were a duty to reimburse situation, the outcome would remain the same - Zurich would still be responsible for paying the Board's Defense Fees incurred up to and including December 21, 2007, the date on which Count 11, the covered claim, was resolved. See Grand Cove II, 676 A.2d at 1131 (stating that where insurer declined to defend action but was later found liable for defense costs, insurer must reimburse defense costs for claims covered by insurance policy, provided defense costs can be apportioned between covered and non-covered claims).

to the covered claim, unless the Defense Fees cannot be apportioned.  SL Indus., Inc., 607 A.2d at 1280; Sears Roebuck & Co., 774 A.2d at 538.  If the Defense Fees cannot be apportioned, then Zurich will be responsible for the Defense Fees attributable to both the covered and non-covered claims.  SL Indus., Inc., 607 A.2d at 1280; Sears Roebuck & Co., 774 A.2d at 538.  Further, Zurich may also contest the reasonable and necessary nature of the Defense Fees.  (See dkt. entry no. 189, Board Mot. to Enforce Reply Br. at 17 (acknowledging Zurich's entitlement to be heard on issues of allocation and reasonableness).)

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the motion for reconsideration of the 12-29-08 Order, (2) vacate the 12-29-08 Order, (3) deny the motion for partial summary judgment, (4) deny the cross motion to enforce the 12-29-08 Order, and (5) deny the cross motion to compel Zurich to pay invoices for Defense Fees.  The Court will issue an appropriate order.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: August 5, 2009

14