**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, | : | CIVIL ACTION NO. 05-4398 (MLC) |
|  | : | **MEMORANDUM OPINION** |
| Plaintiff, | : |  |
| v. | : |  |
| ZURICH AMERICAN INSURANCE COMPANY, et al., | : |  |
| Defendants. | : |  |
| ZURICH AMERICAN INSURANCE COMPANY, | : |  |
| Third-party Plaintiff, | : |  |
| v. | : |  |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | : |  |
| Third-party Defendant. | : |  |

**COOPER, District Judge**

Third-party plaintiff, Zurich American Insurance Company
("Zurich"), brought a third-party action against third-party
defendant, National Union Fire Insurance Company of Pittsburgh,
Pa. ("National Union"), seeking, <u>inter</u> <u>alia</u>, a declaration that
National Union has a duty, under an insurance policy issued by
National Union, to provide primary insurance coverage to
plaintiff herein, North Plainfield Board of Education ("Board"),
in <u>D&D Associates, Inc. v. Board of Education of North</u>

Plainfield, No. 03-1026 (MLC) ("D&D Action").  (Dkt. entry no.
27, 3d Party Compl.; dkt. entry no. 96, Am. 3d Party Compl.)
Zurich now moves for summary judgment on certain issues in its
favor pursuant to Federal Rule of Civil Procedure ("Rule") 56.
(Dkt. entry no. 145, Zurich Mot. for Summ. J.)  National Union
opposes the motion and cross-moves for summary judgment in its
favor pursuant to Rule 56.  (Dkt. entry no. 151, National Union
Cross Mot. for Summ. J.; dkt. entry no. 174, National Union Opp'n
Br.)  Zurich opposes the cross motion.  (Dkt. entry no. 180,
Zurich Opp'n Br.)  The Court held oral argument on the motion and
cross motion on August 18, 2009.  For the reasons stated herein,
the Court will (1) deny Zurich's motion, and (2) grant National
Union's cross motion.

## BACKGROUND

The Board and Bovis Lend Lease, Inc. ("Bovis") entered into
the Program Management Services Agreement ("Agreement"), under
which the Board retained Bovis as a construction manager for the
school construction project at issue in the D&D Action.  (Dkt.
entry no. 147, Zurich Br. at 5; dkt. entry no. 153, National
Union Br. at 1.)  The Agreement provided, in part, that

> Bovis shall also carry, throughout the term of this
> Agreement and any extensions thereof 1) comprehensive
> general liability insurance with liability limits of
> not less than $1,000,000 combined single limit per
> occurrence and aggregate, and excess liability limits
> of $100,000,000 each occurrence and aggregate, for
> bodily injury, personal injury or death of a person or
> persons and Property damage . . . . Bovis shall

> promptly provide Owner with copies of certificates for
> all policies with an endorsement that the North
> Plainfield Board of Education is an additional named
> insured . . . .

(Dkt. entry no. 148, Certification of William J. Hoffman, Ex. A,

Program Management Services Agreement at 12.)

Bovis obtained National Union CGL Policy No. GL 933-20-66

for the period of June 30, 2002 to June 30, 2003 ("National Union

Policy") and named the Board as an additional insured under the

National Union Policy.  (Zurich Br. at 5; National Union Br. at

3; see Certification of William J. Hoffman, Ex. G, National Union

CGL Policy No. GL 933-20-66.)  The National Union Policy contains

an "Other Insurance" clause, which, as amended, provides

**4.    Other Insurance**

> If other valid and collectible insurance is
> available to the insured for a loss we cover under
> Coverages A or B of this Coverage Part, our
> obligations are limited as follows:

**a.    Primary Insurance**

> This insurance is primary except when **b.**
> below applies. . . .

**b.    Excess Insurance**

> This insurance is excess over any of the
> other insurance whether primary, excess,
> contingent or on any other basis:
>
> (1)   Unless such insurance is specifically
>       purchased to apply as excess of this
>       policy, or
>
> (2)   you are obligated by contract to provide
>       primary insurance.

(National Union CGL Policy No. GL 933-20-66.)

3

The Board was also a named insured on Zurich Commercial Insurance Policy CPO 214663406 for the period of July 1, 2002 to July 1, 2003 ("Zurich Policy").  (Zurich Br. at 14; Certification of William J. Hoffman, Ex. H, Zurich Policy No. CPO 214663406.) The Zurich Policy has an "Other Insurance" clause that states

**4.   Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a.   Primary Insurance**

This insurance is primary except when **b.** below applies. . . .

**b.   Excess Insurance**

This insurance is excess over:

**(1)**   Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(a)**   That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

**(b)**   That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;

**(c)**   That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner; or

4

                                **(d)**   If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** - Coverage **A** - Bodily Injury And Property Damage Liability.

                                **(2)**   Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

(Zurich Policy No. CPO 214663406.)

The Board was named as a defendant in the D&D Action in 2003, and Zurich assumed its duty to defend the Board, subject to a reservation of rights, under the Zurich Policy. (See National Union Br. at 21.)  On March 13, 2007, Zurich tendered defense of the Board to National Union under the National Union Policy, and on October 17, 2007, National Union responded with a reservation of rights letter. (Zurich Br. at 6.)  Zurich and National Union dispute which insurance policy - the National Union Policy or the Zurich Policy - provides primary insurance coverage to the Board in the D&D Action. (See id.; National Union Br.)  Zurich now moves for summary judgment on certain issues in its favor. (Zurich Mot. for Summ. J.)  Specifically, Zurich seeks a declaration that (1) National Union has a primary obligation to pay the Board's defense fees and costs in the D&D Action, (2) the Zurich Policy is excess to the National Union Policy, and (3) National Union has an obligation to reimburse Zurich for all

5

post-tender defense fees and costs.  (Zurich Br. at 1.)  National Union opposes the motion and cross-moves for summary judgment in its favor on all claims in the Amended Third-Party Complaint. (National Union Br. at 1.)  Zurich opposes the cross motion. (See Zurich Opp'n Br.)

## DISCUSSION

I.  **Applicable Legal Standards**

A.   **Summary Judgment Standard**

Rule 56(c) provides that summary judgment is proper if the pleadings, the discovery and disclosure materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The summary judgment movant bears the initial burden of showing that there is no genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the movant has met this prima facie burden, the non-movant must set out specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e)(2).  A non-movant must present actual evidence that raises a genuine issue of material fact and may not rely on mere allegations.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The Court must view the evidence in the light most favorable to the non-movant when deciding a summary judgment motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

587 (1986).  At the summary judgment stage, the Court's role is
"not . . . to weigh the evidence and determine the truth of the
matter but to determine whether there is a genuine issue for
trial."  Anderson, 477 U.S. at 249.  Under this standard, the
"mere existence of a scintilla of evidence in support of the
[non-movant's] position will be insufficient [to defeat a Rule
56(c) motion]; there must be evidence on which the jury could
reasonably find for the [non-movant]."  Id. at 252.  "By its very
terms, this standard provides that the mere existence of some
alleged factual dispute between the parties will not defeat an
otherwise properly supported motion for summary judgment; the
requirement is that there be no genuine issue of material fact."
Id. at 247-48.  A fact is material only if it might affect the
action's outcome under governing law.  Id. at 248.  "[T]here is
no issue for trial unless there is sufficient evidence favoring
the nonmoving party for a jury to return a verdict for that
party.  If the evidence is merely colorable, or is not
significantly probative, summary judgment may be granted."  Id.
at 249-50 (internal citations omitted).

**B.   Legal Standards for Construction of Insurance Policies**

A court should give an insurance policy's terms their plain
and ordinary meaning when interpreting the policy.  Colliers
Lanard & Axilbund v. Lloyds of London, 458 F.3d 231, 236 (3d Cir.
2006) (citing New Jersey Supreme Court).  "If the policy language

is clear, the policy should be interpreted as written, [but] [i]f the policy is ambiguous, the policy will be construed in favor of the insured." Id. (alterations in original) (internal quotation omitted); see Feszchak v. Pawtucket Mut. Ins. Co., No. 06-76, 2008 U.S. Dist. LEXIS 29295, at *3 (D.N.J. Apr. 8, 2008) (stating that ambiguity in insurance policy should be construed to "comport with the reasonable expectations of the insured, even if a close reading of the written text reveals a contrary meaning" (internal quotation omitted)), aff'd, 316 Fed.Appx. 181 (2009).

## II.  Legal Standards Applied Here

Zurich argues that both policies are primary policies and the "other insurance" clauses are non-contradictory and can be enforced as written.  (Zurich Br. at 21-22.)  Zurich argues that the Agreement required Bovis to purchase primary commercial general liability insurance and to name the Board as an additional named insured on the policy.  (Id. at 17, 19; dkt. entry no. 183, Zurich Reply Br. at 3-7.)  Thus, Zurich asserts, the National Union Policy is primary because its "other insurance" clause provides that the insurance is excess unless Bovis was "obligated by contract to provide primary insurance." (Zurich Br. at 18-19; see also National Union CGL Policy No. GL 933-20-66.)  Here, Zurich argues, Bovis was obligated by the Agreement to provide primary insurance.  (Zurich Br. at 18-19; Zurich Reply Br. at 3-7.)  Zurich further asserts that its policy

8

is excess since the National Union Policy is primary.  (Zurich
Br. at 22-23.)  The Zurich Policy, Zurich contends, provides that
it is excess over "[a]ny other primary insurance available . . .
covering liability for damages arising out of the premises or
operations for which [the Board has] been added as an additional
insured by attachment of an endorsement."  (Id.; see also Zurich
Policy No. CPO 214663406.)  Zurich argues that here there is
other primary insurance naming the Board as an additional insured
- the National Union Policy - and therefore the Zurich Policy
provides excess coverage and the National Union Policy provides
primary coverage.  (Zurich Br. at 23.)

     National Union argues that the Agreement did not require
Bovis to provide primary insurance; rather the Agreement merely
required Bovis to provide a comprehensive general liability
policy with certain liability limits.  (National Union Br. at 4;
dkt. entry no. 184, National Union Reply Br. at 4-5.)  Thus,
National Union asserts, Bovis was not required by contract to
provide primary insurance and application of the National Union
Policy's "other insurance" clause results in the National Union
Policy providing excess coverage.  (Id. at 4-6.)  Further,
National Union argues that the Zurich Policy's "other insurance"
clause provides that it is excess only if there is other primary
insurance available.  (Id. at 5; see also Zurich Policy No. CPO
214663406.)  Here, National Union asserts that since the National

Union Policy is not available primary insurance, the Zurich Policy is primary, not excess.  (National Union Br. at 5; National Union Reply Br. at 4-5.)

The Court finds that the National Union Policy provides excess coverage and the Zurich Policy provides primary coverage. Here, both policies are primary policies and so the Court examines the "other insurance" clauses to determine primacy of coverage.  The National Union Policy's "other insurance" clause provides that the insurance is primary except where subsection b applies.  (See National Union CGL Policy No. GL 933-20-66.) Subsection b provides that the insurance is excess over any other insurance unless Bovis was "obligated by contract to provide primary insurance."  (See id.)[1]  Here, Bovis was not obligated by contract to provide primary insurance.  The Agreement merely required Bovis to carry a comprehensive general liability insurance policy with certain stated limits and to list the Board as an additional named insured. (See Program Management Services Agreement at 12.)  The Agreement did not specify whether the policy must be a primary policy or an excess policy, and nothing in the Agreement's language indicated that the required policy

_____

[1]  Subsection b also provides that the National Union policy will not be excess to other insurance where the other insurance was specifically purchased to apply as excess of the National Union Policy.  (See National Union CGL Policy No. GL 933-20-66.) Neither party contends that the Zurich Policy was specifically purchased to apply as excess of the National Union Policy.  (See Zurich Br.; National Union Br.)

must be a primary policy in all instances.  (See id.)  See Englert v. Home Depot, 911 A.2d 72, 82 (N.J. App. Div. 2006) (finding written contract did not require other insurance to apply on a primary basis where written contract did not refer to or promise "primary" coverage); see also Deerfield Mgmt. Co. v. Ohio Farmers Ins. Co., 529 N.E.2d 243, 248-49 (Ill. App. Ct. 1988) (finding lease did not require primary insurance where lease only indicated parties' intent to insure against certain risks in a particular minimum amount with plaintiff named as additional insured).  The Court therefore finds that the Agreement did not require Bovis to provide primary insurance.  Thus, applying subsection b of the National Union Policy's "other insurance" clause, the National Union Policy provides excess coverage over the Zurich Policy.  (See National Union CGL Policy No. GL 933-20-66.)

The Zurich Policy's "other insurance" clause provides that the insurance is primary except where subsection b applies.  (See Zurich Policy No. CPO 214663406.)  Subsection b states that the insurance is excess over any other primary insurance covering liability for damages arising out of the premises or operations for which the Board has been added as an additional insured.  (See id.)[2]  Here, there is no other primary insurance since the

_____

[2]  Subsection b(1) also details circumstances under which the Zurich Policy provides excess coverage.  (See Zurich Policy No. CPO 214663406.)  Neither party contends that subsection b(1) applies here.  (See Zurich Br.; National Union Br.)

11

National Union Policy provides only excess coverage.  Thus,
subsection b does not apply, and the Zurich Policy provides
primary coverage.

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will (1) deny
Zurich's motion for summary judgment on certain issues, and (2)
grant National Union's cross motion for summary judgment.  The
Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: August 25, 2009

12