**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| NORTH PLAINFIELD BOARD OF EDUCATION, | CIVIL ACTION NO. 05-4398 (MLC) |
|   Plaintiff, | **O P I N I O N** |
| v. |  |
| ZURICH AMERICAN INSURANCE COMPANY, et al., |  |
|   Defendants. |  |
| ZURICH AMERICAN INSURANCE COMPANY, |  |
|   Third-party Plaintiff, |  |
| v. |  |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., |  |
|   Third-party Defendant. |  |

**THE COURT** having issued on May 15, 2008, a Memorandum Opinion ("5-15-08 Opinion") and Order ("5-15-08 Order") holding, <u>inter alia</u>, that pursuant to an exclusion for claims "arising out of breach of contract" contained in an insurance policy issued to the plaintiff, North Plainfield Board of Education (the "Board"), by defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), National Union is not obligated to indemnify the Board or to pay the Board's unlimited defense costs in <u>D&D Assocs. v. Bd. of Educ. of North Plainfield</u>, Civ. Action

No. 03-1026 (MLC) (the "D&D Action") (dkt. entry no. 94, 5-15-08 Ord.; see dkt. entry no. 93, 5-15-08 Op. at 36-37); and the Board now moving under Local Civil Rule 7.1(i) for reconsideration of the Order (dkt. entry no. 217, Mot. for Recons.); and National Union opposing the motion (dkt. entry no. 219, Opp'n Br.); and

**IT APPEARING** that a motion for reconsideration is "an extremely limited procedural vehicle," Tehan v. Disab. Mgmt. Servs., 111 F.Supp.2d 542, 549 (D.N.J. 2000), and is granted "very sparingly," Yurecko v. Port Auth. Trans-Hudson Corp., 279 F.Supp.2d 606, 608 (D.N.J. 2003); and it appearing that its purpose is to correct manifest errors of law or present newly discovered evidence, Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); and it further appearing that a court may grant a motion for reconsideration if the movant shows at least one of the following:  (1) an intervening change in the controlling law, (2) the availability of new evidence that was previously unavailable, or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice, id.; and

**THE COURT** having carefully reviewed the Board's arguments asserted in support of the motion; and the Board arguing that the decision of the Supreme Court of New Jersey in Flomerfelt v. Cardiello, 997 A.2d 991 (N.J. 2010), "is an intervening change in the law as to how to determine the effect of the phrase 'arising

2

out of' in insurance policy exclusions" (dkt. entry no. 217, Board Br. at 4); and the Board asserting that the Flomerfelt court held that

> (1) the insurer's duties to defend and indemnify must be analyzed separately; (2) where there potentially are multiple or concurrent causes of a loss, some falling within the exclusion and others falling outside the exclusion, the phrase 'arising out of' is inherently ambiguous and should be construed against the carrier in accordance with the insured's reasonable expectations; (3) where there are potentially multiple and concurrent causes of loss[,] use of a 'substantial nexus test[']' to determine whether a claim falls within an 'arising out of' exclusion is improper; and (4) where there are multiple potential causes of a loss and different theories of recovery, some falling within the exclusion and others not, the carrier must provide a defense for the insured until all potentially covered causes are eliminated. . . .

(Board Br. at 10); and the Board further contending that the 5-15-08 Opinion is inconsistent with these dictates; and the Board apparently challenging the Court's reliance on Am. Motorists Ins. Co. v. L-C-A Sales Co., 713 A.2d 1007, 1010 (N.J. 1988), in determining National Union had met its burden of establishing that all of the claims asserted by D&D against the Board in the D&D Action "flow from or bear a substantial nexus to" D&D's breach of contract claim (see 5-15-08 Opinion at 36); and

**THE BOARD** further arguing that "there is no basis to conclude that the Board's alleged breach of contract 'caused' the injuries on which D&D's non-contract claims are based" (Board Br. at 13); and the Board therefore contending that the Court should,

3

on reconsideration, (1) find that the "arising out of breach of contract" exclusion contained in the National Union policy "is ambiguous and therefore must be construed in favor of the Board and against National Union," and (2) hold that National Union is obligated to defend the Board in the remainder of the D&D Action, and to reimburse the Board for all fees and costs incurred to date in defending the D&D Action (Board Br. at 14-15); and

**NATIONAL UNION** opposing the motion for reconsideration; and National Union arguing, inter alia, that "the Flomerfelt decision is not an intervening change in the law, rather it clarifies an insurer's potential obligation to provide a defense when concurrent causes of a claimant's personal injuries are alleged" (Opp'n Br. at 1, 8-13); and

**THE COURT** observing that "an entry of a binding precedent, which . . . clarifies–-rather than alters the existing legal regime--cannot qualify as an intervening change in the law", In re Intelligroup Sec. Litig., 527 F.Supp.2d 262, 381 (D.N.J. 2007); and the Court being persuaded that Flomerfelt "clarifies" the law but did not overrule American Motorists, as urged by the Board, see Liberty Ins. Corp. v. Tinplate Purchasing Corp., No. 09-5221, 2010 WL 3943678, at *8 (D.N.J. Oct. 6, 2010) ("[T]he Flomerfelt court reaffirmed that the 'substantial nexus' test is the appropriate default test to use when interpreting the phrase 'arising out of' in insurance contracts") (citing Flomerfelt, 997

4

A.2d at 1004-05); and the Court noting that insofar as the Board contends that <u>Flomerfelt</u> imposes some sort of novel requirement that courts separately analyze the duty to defend and the duty to indemnify, the <u>Flomerfelt</u> court made no such broadly sweeping statement, instead noting that in circumstances where "coverage questions may not have clear answers in advance of discovery or trial . . . the separate principles that govern the duty to defend must be considered and applied," but where a court reaches a "definitive conclusion that a policy by its terms affords no coverage" pursuant to a policy exclusion, "there is no duty of indemnification, [which] also means there is no duty to defend," <u>Flomerfelt</u>, 997 A.2d at 998; and

**THE COURT** further observing that the <u>Flomerfelt</u> decision does not stand for the proposition that the term "arising out of" in an insurance policy exclusion should be interpreted as unclear and ambiguous in all instances, but rather, the particular circumstances present in <u>Flomerfelt</u> "reveal[ed] an inherent and heretofore unseen ambiguity" requiring inquiry into whether the language of the exclusion at issue there, "arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a controlled substance(s)," 997 A.2d at 1002, "requires that the excluded act be the proximate cause of the injury," <u>id.</u> at 1004; and it appearing that under <u>Flomerfelt</u>, "arising out of" continues to mean "originating from," "growing out of," or having

5

a "substantial nexus," see 997 A.2d at 1002, 1005 (citing Am. Motorists, 713 A.2d at 1007); and

  **THE COURT** finding Flomerfelt to be distinguishable, insofar as the facts in that case "demonstrate[d] the complexity of interpreting the exclusion when a claim for personal injury asserts multiple possible causes and theories for recovery against the insured," as the plaintiff had asserted several possible causes for her injury, some of which would have been excluded under the policy, 997 A.2d at 1003; and in this case, the Court still being persuaded that the "arising out of breach of contract" policy exclusion at issue here is "specific, clear, plain, and prominent" (5-15-08 Opinion at 23), and therefore "presumptively valid," see Flomerfelt, 997 A.2d at 996; and the Court having previously explained why each of the remaining causes of action in the D&D Action fall within the "arising out of breach of contract" policy exclusion (see 5-15-08 Opinion at 29-37); and the Court determining that Flomerfelt does not constitute an intervening change in the controlling law that would compel a different outcome; and

  **THE COURT** finding that the Board (1) has not shown a clear error of law or fact, see Max's Seafood Café, 176 F.3d at 677, (2) has not established that facts or controlling legal authority were presented to, but overlooked by, the Court, see Mauro v. N.J. Supreme Ct., 238 Fed.Appx. 791, 793 (3d Cir. 2007), and (3)

6

is merely asserting its disagreement with the Court's decision, see Tehan, 111 F.Supp.2d at 549; and the Court concluding that reconsideration of the 5-15-08 Order is therefore inappropriate; and the Court thus intending to deny the motion for reconsideration; and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:     March 17, 2011